UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LARRY GOODALL,

Defendant.

2:10-CR-00401-PMP-PAL

**ORDER**

Before the Court for consideration is Defendant Larry Goodall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #66). For the reasons set forth below, the Court finds Defendant Goodall's Motion must be denied.

On July 28, 2010, the Federal Grand Jury sitting at Las Vegas, Nevada returned an Indictment charging Defendant Goodall with three counts of Transportation of a Minor for Prostitution, in violation of 18 U.S.C. § 2423(a), and one count of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a)(1). Pursuant to a Plea Agreement, on April 13, 2011, Defendant Goodall pled guilty to a one count Information charging Transportation for Prostitution, in violation of 18 U.S.C. § 2421. On September 30, 2011, Defendant Goodall filed a motion to withdraw his plea of guilty. At the sentencing hearing conducted October 24, 2011, the Court denied Defendant Goodall's motion to withdraw his plea, and imposed a sentence of ninety-six months in custody followed by a lifetime term of supervised release (Doc. #50).

1    Defendant Goodall timely appealed the Court's denial of his motion to withdraw his plea of guilty and his sentence, and on September 19, 2012, the United States Court of Appeals for the Ninth Circuit entered a Memorandum Decision Affirming this Court's Judgment. (Doc. #62).

Defendant Goodall brings the instant Motion to Vacate on the grounds that both his trial counsel and appellate counsel were ineffective and that an evidentiary hearing on his Motion is required. For the reasons set forth in the Government's Response in Opposition to Defendant's Motion (Doc. #71), the Court finds Defendant Goodall's Motion must be denied.

Specifically, under the Plea Agreement entered in this case, Defendant Goodall waived his right to appeal to the terms of his sentence, and hence his right to allege that appellate counsel was ineffective for failing to raise on direct appeal what Defendant Goodall now characterizes as error. Moreover, Goodall has failed to show entitlement to relief from his procedural default by showing cognizable cause and prejudice, or actual innocence, *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003), and the time for doing so has expired. Neither has Defendant Goodall shown that the representation of his trial and appellate counsel fell below an objective standard of reasonableness, and that such deficiencies prejudiced Defendant Goodall as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS THEREFORE ORDERED** that Defendant Goodall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #66) is **DENIED**.

DATED: May 6, 2013.

_____
PHILIP M. PRO
United States District Judge